Rose Helen BAKER, Appellant,

v.

Connie PERKINS, Appellee.

No. 88–CA–1744–S.

Court of Appeals of Kentucky.

July 28, 1989.

William D. Gregory, Mt. Vernon, for appellant.

Jerry J. Cox, Clontz & Cox, Mt. Vernon, for appellee.

Before CLAYTON, McDONALD and MILLER, JJ.

McDONALD, Judge.

Rose Helen Baker brought this action in Rockcastle Circuit Court seeking visitation of her granddaughter, Lestlie Ann Perkins. Mrs. Baker's son, Westley Perkins, is Lestlie Ann's father. His whereabouts are unknown. Connie Perkins, the child's mother, has sole custody of Lestlie Ann. The circuit court denied Mrs. Baker visitation rights to her grandchild, and she appeals.

The jurisdictional basis of Mrs. Baker's complaint is KRS 405.021, which provides that the circuit court "may grant reasonable visitation rights to either the paternal or maternal grandparents of a child and issue any necessary orders to enforce the decree if it determines that it is in the best interest of the child to do so." In this case Mrs. Perkins opposed the granting of visitation rights to Mrs. Baker. Presumably the custodial parent is similarly opposed in every instance in which this statute is invoked; otherwise the statute would be unnecessary. Thus, the custodial parent's opposition by itself should not suffice to deny the grandparent relief. However, this appears to be the sole basis for the trial court's ruling:

It is the opinion of the Court that such authority [to grant visitation rights to grandparents] should be exercised with great caution. Two facts are paramount, which mitigate against forced visitation: one, it is in the child's best interest to minimize conflict in its home and family relationships; two, some one, and in this case it is the defendant, must maintain control over the child making life's decisions for the child. Forcing the defendant to submit to the requested visitation schedule would create tension and conflict adverse to the child's best interest. It would also interfere with the defendant's exercise of her parental responsibility.

This reasoning effectively substitutes "wishes of the custodial parent" for "best interest of the child" as the standard by which to grant or deny visitation rights. Inasmuch as it does so it contravenes KRS 405.021. That statute gives grandparents the right to have a court determine whether visitation would be in the best interest of their grandchildren. As part of this determination, the court should, of course, take into consideration the custodial parent's attitude, and the possibility of conflict. However, the evaluation cannot stop there. There are other considerations, including the nature of the relationship between the

child and her grandmother, the preferences of the child, and the mental and physical health of the parties.[1]

In other words, some risk/benefit analysis must be made. The circuit court needs to ascertain whether the child would benefit from visitation with her grandmother. Against this the court should weigh the possibility that the animosity between Lestlie's mother and grandmother is so strong that visitation would affect Lestlie adversely.

We are aware that we must not reverse the trial court unless its findings are clearly erroneous. However, we consider it clearly erroneous for the circuit court to fail to adhere closely to the statute.

The judgment is reversed and remanded with directions that the trial court make further findings before issuing its ruling.

All concur.

---

1. These considerations are adapted from KRS 403.270, which lists certain relevant factors to aid in determining the best interest of the child with regard to custody.