Phyllis MUSTAINE; and Phillip Mustaine, Appellants,

v.

Diane KENNEDY; and Thomas Kennedy, Appellees.

No. 96–CA–002565–MR.

Court of Appeals of Kentucky.

May 8, 1998.

Judith E. McDonald–Burkman, Louisville, for Appellants.

Mitchell A. Charney, Jan M. West, Louisville, for Appellees.

Before ABRAMSON, BUCKINGHAM and EMBERTON, JJ.

*OPINION*

EMBERTON, Judge.

The appellants, Phyllis Mustaine and Phillip Mustaine, are the parents of appellee Diane Kennedy. The present action was brought by the Mustaines seeking grandparent visitation with the children of Diane and Thomas Kennedy. Without a hearing, the trial court granted the Kennedys' motion to

---

dismiss finding that grandparent visitation would not be in the children's best interest.

The parties to this litigation have had less than an amicable relationship. Affidavits submitted by both parties indicate that difficulty arose after the Mustaines loaned $50,000 to the Kennedys who then refused to repay the loan. It is then alleged by the Mustaines that Diane began asserting that Phillip was not her biological father. Subsequently, Phillip had three blood tests all of which proved he was Diane's father. Diane's actions, including the denial of grandparent visitation, the Mustaines allege, were for the purpose of avoiding payment of the loan.

The Mustaines brought an action in their state of residence, Michigan, to recover the loan amount. Additionally, they alleged defamation, invasion of privacy, and trespass against Diane. A judgment was granted for the loan amount. They subsequently filed a lien on the Kennedys' Kentucky residence. The Kennedys maintain that the Mustaines seek grandparent visitation for the purpose of gaining leverage against them in the Michigan tort action.

■ Based on the limited record before this court, including affidavits and letters written by the parties, there is obviously an undeniable animosity between the parties. The deterioration of the familial bonds between the grandparents and parents of the grandchildren is evident. The granting or denial of grandparent visitation, however, under Ky.Rev.Stat. (KRS) 405.021, is not based on the relationship of the grandparents and parents, nor on a determination of the best interest of the adults in the litigation. The court is instructed to consider the "best interest of the children." KRS 405.021. If hostility between the parents and the grandparents were the guiding factor in grandparent visitation cases, KRS 405.021 would be virtually meaningless since, in most every case where the grandparent seeks visitation by court intervention, there is parental opposition. Otherwise, such visitation would occur freely and with the consent of the parents. Custodial parent opposition is not sufficient to deny the grandparent visitation. *Baker v. Perkins*, Ky.App., 774 S.W.2d 129 (1989).

■ In this case, the trial court was confronted with the allegations of the parties. The Kennedys depict the Mustaines as nonattentive grandparents who seek only revenge. The Mustaines accuse the Kennedys of depriving the grandchildren of their love and affection for the purpose of avoiding legal responsibilities. The trial court, without an evidentiary hearing at which the parties and witnesses could be cross-examined, found that it would not be in the children's best interest to grant grandparent visitation. We do not deny that the hostility between these parties may be so great that the children's contact with the Mustaines could be as destructive to the children as it is to the parties themselves. We believe, however, that the trial court is required to conduct an evidentiary hearing prior to making such a determination.

Grandparent visitation, through the enactment of KRS 405.021, is an established right which will be recognized and enforced by the courts if to do so is in the child's best interest. Although, in *King v. King*, Ky., 828 S.W.2d 630 (1992), the statute came under attack as violative of the parents' right to raise a child without undue governmental interference, the court upheld its constitutionality. To effectuate some semblance of family and generational contact, the court permitted the limited intrusion on the parents' right. In doing so, it reasoned:

> If a grandparent is physically, mentally and morally fit, then a grandchild will ordinarily benefit from contact with the grandparent. That grandparents and grandchildren normally have a special bond cannot be denied. Each benefits from contact with the other. The child can learn respect, a sense of responsibility and love. The grandparent can be invigorated by exposure to youth, can gain an insight into our changing society, and can avoid the loneliness which is so often a part of an aging parent's life. These considerations by the state do not go too far in intruding into the fundamental rights of the parents.

*Id.* at 632.

■ The right to grandparent visitation, however, is not unrestricted and can be granted only after the following events occur:

[A]n action is filed in Circuit Court, *a hearing conducted before a judge or commissioner*, and findings of fact and conclusions of law entered finding that the best interests of the child will be served by granting or denying visitation. (Emphasis added).

*Id.*

Although KRS 405.021 does not explicitly require a hearing on grandparent visitation petitions, the court in *King, supra*, clearly implied such a requirement, and in so doing, upheld its constitutionality. We hold that a hearing is required before a trial court can grant or deny visitation.

The order of the Jefferson Circuit Court is reversed and this case is remanded for further proceedings consistent with this opinion.

All concur.